UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
IN RE                                     :   MDL No. 1409
                                          :   M 21-95
CURRENCY CONVERSION FEE                   :
ANTITRUST LITIGATION                      :   ORDER

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THIS DOCUMENT RELATES TO:                 :

ALL CASES                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WILLIAM H. PAULEY III, District Judge:

        This Court received the attached letter from the United States of America objecting to the settlement in this action.

Dated:  March 4, 2008
         New York, New York

                          SO ORDERED:

                          WILLIAM H. PAULEY III
                                U.S.D.J.

*Copies to:*
All Counsel of Record




**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

February 14, 2008

BY HAND

Honorable William H. Pauley
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

    Re:  In re Currency Conversion Fee Antitrust Litigation,
           Civ. No. 1409 m21-95 (WHP)

Dear Judge Pauley:

    Pursuant to the Court's order dated September 24, 2007, the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715, as well as the interests of the Government under 28 U.S.C. § 517, the United States of America (the "United States" or "Government") writes respectfully to set forth the Government's position with respect to the proposed settlement of the above-captioned private class action suit. To the extent that the proposed settlement purports to bind the Government or limit the recovery of the Government to its terms, the Government objects and respectfully requests that the Court reject the proposed settlement.

    As previously set forth in correspondence with plaintiffs' counsel dated January 25, 2008, the Government was not, to our knowledge, properly served in this matter.[1] See Letter from M. Granston to M. Davidoff and B. Sweeney dated January 25, 2008 (copy enclosed). Even if the Government had been properly served, the United States (including any agency or instrumentality of the United States) cannot be represented by private counsel as class members because private counsel is not authorized to represent the interests of the United States and cannot bind the United States. 28 U.S.C. §§ 516, 519. The Government therefore does not agree to its inclusion as a class member in this Rule 23 litigation.

---

[1] The United States received notice of the proposed settlement agreement pursuant to 28 U.S.C. § 1715(a)(1)(B) and copies of the materials required under 28 U.S.C. § 1715(b) from defense counsel.

Honorable William H. Pauley
United States District Judge
February 14, 2008
Page - 2 -

      Nevertheless, the proposed settlement affects the ability of the Government to recover damages for injuries it may have suffered as a result of the alleged activity. For example, under the proposed Revised Plan of Administration and Distribution, the suggested settlement would preclude the Government from recovering excess foreign exchange fees paid in instances where Government employees or contractors were reimbursed for expenses paid with their respective personal or business payment cards. Information distributed by plaintiffs' counsel regarding the settlement states that even if a Government agency reimbursed an employee or contractor for expenses made with a personal payment card, only the individual cardholder may make a claim for charges made on their personal payment card. See http://www.ccfsettlement.com/faqs/#idQ52 (visited February 12, 2008). We believe that this decision is arbitrary and creates a windfall for individuals and businesses who were already fully reimbursed with taxpayer funds for expenses incurred while procuring goods or services on behalf of the United States. Clearly any recovery for improper foreign exchange fees reimbursed by the Government should accrue to the benefit of the Government.

      Under the proposed Revised Plan of Administration and Distribution, the only way for the Government to be made whole would be to pursue subrogation claims against every class member whom the federal government reimbursed for payment card transactions in foreign currencies that receives a refund of foreign exchange fees pursuant to the proposed settlement. This process would be impractical and inefficient for both the Government, which would have to pursue each claim individually, and for the courts, which could be faced with potentially tens of thousands of subrogation claims. We therefore recommend that the Court reject the proposed agreement unless it is revised to exclude any claims for refunds based on foreign exchange fees incurred on transactions that were either paid for or reimbursed by the Government.

Honorable William H. Pauley
United States District Judge
February 14, 2008
Page - 3 -


      Thank you for your consideration of this request. If you prefer that the Government file a formal objection, we would be happy to submit a substantive brief in this matter.

                            Respectfully,

                            MICHAEL J. GARCIA
                            United States Attorney

        By:             /s/ Sean C. Cenawood
                            SEAN C. CENAWOOD
                            Assistant United States Attorney
                            Tel.: (212) 637-2705
                            Fax:  (212) 637-2686

                            /s/ Adam J. Schwartz (sco)
                            ADAM J. SCHWARTZ
                            Trial Attorney
                            Commercial Litigation Branch
                            Civil Division
                            Department of Justice
                            Tel.: (202) 514-6831
                            Fax:  (202) 514-0280


Enclosures
    Granston Letter dated January 25, 2008
    Certificate of Service



U.S. Department of Justice

Civil Division

---

JRB:MDGranston
CD-NEW

Washington, D.C. 20530
Tel. (202) 305-0632

JAN 2 5 2008

Merrill G. Davidoff
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA 19103

Bonny E. Sweeney
Coughlin Stoia et al, LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Re:   *In re Currency Conversion Fee Antitrust Litigation*
      (S.D.N.Y.) Civ. No. 1409 m21-95

Dear Counsel:

I am writing with regard to the above-captioned private class action suit against *In re Currency Conversion Fee Antitrust Litigation*. To our knowledge, the United States was not properly served, pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, with the notice regarding the proposed settlement agreement in this suit. Consequently, the Government's rights are not affected in any way by the settlement in question.

Moreover, the United States (including any agency or instrumentality of the United States) cannot be represented by private counsel in a class action lawsuit. More specifically, federal law provides that "the conduct of litigation in which the United States, an agency, or the officer thereof is a party, or is interested . . . is reserved to officers of the Department of Justice, under the direction of the Attorney General." 28 U.S.C. § 516. In addition, 28 U.S.C. § 519 states that "[e]xcept as otherwise authorized by law, the Attorney General shall supervise all litigation to which the United States, an agency, or officer thereof is a party . . . ." Thus, even assuming *arguendo* that the United States had been properly served, a class represented by private counsel could not represent the United States or its agencies and instrumentalities as class members, because private counsel is not authorized to represent the interests of the United States and could not bind the United States.

-2-

The United States Attorney General therefore does not agree to the inclusion of the federal government as a class member in this Rule 23 litigation. The position taken in this letter should not be construed as, and does not represent, a waiver of any claims which the United States may have against any of the named defendants in this litigation.

In the event that you purported to include federal agencies in the settlement class, we ask that you provide to us a list identifying those agencies and the addresses to which the notices were sent.

If you have any questions, please contact me at 202-305-0632.

                Very Truly Yours,

                Michael D. Granston
                Deputy Director
                Commercial Litigation Branch
                Civil Division

cc:    J. Christopher Kohn, Director
       Commercial Litigation Branch
       Civil Division
       U.S. Department of Justice

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|   |   |
|---|---|
| IN RE : CURRENCY CONVERSION FEE ANTITRUST LITIGATION | Civ. No. 1409 m21-95 |

### CERTIFICATE OF SERVICE

    I, Adam J. Schwartz, hereby declare under penalty of perjury that on the 14th day of February 2008, I caused true and correct copies of the foregoing Letter to the Honorable William H. Pauley III, in the above captioned case, to be sent via Federal Express or U.S. Mail to the persons identified on the attached List of Recipients.

                                                                              ADAM J. SCHWARTZ
                                                                              Attorney
                                                                              Adam.Schwartz2@usdoj.gov
                                                                              U.S. Department of Justice
                                                                              Commercial Litigation Branch
                                                                              P.O. Box 261
                                                                              Ben Franklin Station
                                                                              Washington, DC 20044
                                                                              Tel: (202) 514-6831
                                                                              Fax: (202) 514-0280



**U.S. Department of Justice**

Civil Division

JRB:MDG:AJSchwartz  
46-16-2873

Adam J. Schwartz  
Tel. (202) 514-6831

*Washington, D.C. 20530*

February 14, 2008

|                                           |   |                        |
|-------------------------------------------|---|------------------------|
| **IN RE : CURRENCY CONVERSION FEE ANTITRUST LITIGATION** | ) ) ) ) ) ) ) ) ) | **Civ. No. 1409 m21-95** |

To All counsel in the above named action:

    Enclosed please find a letter sent earlier today to the Honorable William H. Pauley III forth the position of the United States in this matter.

                           Sincerely,

                           Adam J. Schwartz  
                           Trial Attorney  
                           Commercial Litigation Branch

Attachment:  
    1) Letter from A. Schwartz to The Hon. William H. Pauley III dated Feb. 14, 2008